SEP 06 '01 10:49 FR MP    6265640817 TO 1317 3718    P.02/18

CURRINET    PAGE 02

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*

RICHARD TOBIN, JOHN D. HAMBLIN, DAVID BROOKSHIRE, CALIFORNIA MOVERS EXPRESS INCORPORATED, MAGIC MOVING CO., WHEATON VAN LINES INC. AND DOES 1-200 inclusively.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*

JOHN L. CORRINET

You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

[Spanish translation illegible]

**Case Number:** 2001-018964

The name and address of the court is: *(El nombre y dirección de la corte es)*

Rene C. Davidson Alameda County Courthouse
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Mark S. Corrinet, The Law Offices of Mark Steven Corrinet at 2210 NW Bayshore Loop, Waldport, OR 97394

DATE: AUG 03 2001    ARTHUR SIMS EXECUTIVE OFFICER/CLERK    Clerk, by [signature]    Deputy
(Fecha)    (Asistente)    (Delegado)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Wheaton Van Lines, Inc
   under ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (individual)
         ☐ other:
4. ☒ by personal delivery on (date): 8/30/01

SUMMONS    CCP 412.20

EXHIBIT A

Mark Steven Corrinet (CSB# 194471)
The Law Offices of Mark Steven Corrinet
2210 NW Bayshore Loop
Waldport, Oregon 97394

Telephone: (541) 563-5028
Fax: (541) 563-7297

Attorney for Plaintiff

**ENDORSED FILED
ALAMEDA COUNTY**

**AUG 03 2001**

CLERK OF THE SUPERIOR COURT
By Columbus Littleberry, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA (NORTHERN DISTRICT)

JOHN L. CORRINET, an individual,

Plaintiff,

v.

RICHARD TOBIN, JOHN D. HAMBLIN, DAVID BROOKSHIRE, CALIFORNIA MOVERS EXPRESS INCORPORATED, MAGIC MOVING CO., WHEATON VAN LINES INC. AND DOES 1-200 inclusively,

Defendants.

CASE No. 2001-018964

CIVIL COMPLAINT BASED UPON:

1. Embezzlement
2. Fraudulent Misrepresentation
3. Civil Conspiracy
4. Negligence
5. RICO
6. Respondeat Superior

**BY FAX**

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD

Plaintiff JOHN L. CORRINET (HEREINAFTER "CORRINET") complain of defendants RICHARD TOBIN (HEREINAFTER "TOBIN"), JOHN D. HAMBLIN (HEREINAFTER "HAMBLIN"), DAVID BROOKSHIRE (HEREINAFTER "BROOKSHIRE") WHO IS DOING BUSINESS UNDER INDIVIDUAL BUSINESS AND OWNERSHIP THROUGH A FICTITIOUS BUSINESS NAME OF "MAGIC MOVING CO." MAGIC MOVING CO. (HEREINAFTER "MAGIC"), CALIFORNIA MOVERS EXPRESS INCORPORATED (HEREINAFTER "CAL"), WHEATON VAN LINES INC. (HEREINAFTER "WHEATON") and DOES 1-200 (collectively referred to as "defendants") and hereby allege as follows:

CIVIL COMPLAINT - PAGE 1 OF 15

## I. INTRODUCTION

1. This case arises out of defendants TOBIN AND BROOKSHIRE's intentional misrepresentations to plaintiff CORRINET for the purposes of perpetuating an on-going series of fraudulent and conspiratorial scams supported by the consent of their superiors and companies for the purposes of personal and business financial gain.

2. The initial contracts dealing with plaintiff claims were signed in August 9, 1999. Actual knowledge of the fraudulent actions, payoffs and embezzlement occurred during a series of meetings and telephone calls proceeding from August 5, 2000 to September 20, 2000. The negligence in the handling of plaintiff CORRINET's personal property was disclosed at the conclusion of this final move to Oregon on October 1, 2000.

## II. GENERAL ALLEGATIONS

3. In August thru October of 1999 plaintiff CORRINET sought and received various binding estimates from several large national moving firms with the intention of moving his extensive personal goods at his long time Oakland, California residence into temporary storage with the further intention to make a permanent move out of state into the Pacific Northwest.

4. On October 11, 2000 plaintiff CORRINET received a bid for the two moves from defendant WHEATON through their agents defendant CAL via defendant salesperson TOBIN for the proposed moves. At all times plaintiff CORRINET was lead to believe that he was dealing with Wheaton Van Lines or their direct agents. The paperwork, business cards and contacts with California Movers

Express all showed the Wheaton Van Lines name and logo.

5.  On, or about November 10, 2000 the proposed day of the move defendant BROOKSHIRE and workman from defendant MAGIC arrived to move Plaintiff CORRINET's goods into storage from the Oakland residence. During phone conversations that day CORRINET was advised directly by defendant TOBIN that BROOKSHIRE et.al. were agents of defendant CAL AKA defendant WHEATON and that even though the final contracts were "MAGIC MOVING COMPANY" contracts he was, in fact, signing with Wheaton Van Lines. This is further backed up by the additional check that was issued to defendant TOBIN in the amount of US$1,000.00 (One thousand dollars) in the name of Wheaton Van Lines as a deposit for the second half of the move.

6.  Plaintiff Corrinet signed the documents from Magic Moving Company and the move was completed with the items reportedly going into "Wheaton Van Lines" storage units. Corrinet paid for the entire move directly to Magic Moving Company per the instructions of defendant TOBIN and all subsequent storage charges again directly to Magic Moving Company.

7.  On July 10, 2000, in preparation for planning his second move plaintiff CORRINET arranged by phone to see his stored goods with Magic Moving Company.

8.  In late July, early August, plaintiff CORRINET went to see his property. It was at this time that evidence started to arise that indicated that no connection may exist between Wheaton Van Lines and Magic Moving Company. And that, without plaintiff's permission, his goods had been moved at least twice more to other warehouses during the prior year.

CIVIL COMPLAINT - PAGE 3 OF 15

9. On August 4, 2000, through plaintiff's attorney of record, a call was made to defendant CAL's attorney indicating that various very suspicious behavior had occurred regarding the initial move. This phone call was followed up by a letter on August 5, 2000.

10. In a series of calls and letters from August 4 to September 20, 2000 a collection of facts became clear:

A. There was no legal business relationship between Magic Moving Company and either Wheaton Van Lines or California Movers Express.

B. That California Movers Express executives had rejected in-state move portion of the contract. A fact never divulged to plaintiff CORRINET.

C. That defendant TOBIN, following the company policy of California Movers Express to trade unprofitable in-state jobs for future referrals to more lucrative out-of-state moves with small third party in-state moving companies, then transferred the in-state portion of the move to Magic Moving Company.

D. At no time was plaintiff CORRINET advised that he had been shifted to a small firm for the in-state portion of the move. Plaintiff's intention had always been to only use a nationally recognized moving company.

E. Further defendant TOBIN entered into an agreement with defendant BROOKSHIRE to receive various personal payoffs and kick-backs for the fraudulent referral and the subsequent storage.

F. Finally, defendant TOBIN embezzled the deposit check issued to Wheaton Van Lines for his personal use.

11. Plaintiff entered into a second series of contracts on September 21, 2000 with defendant CAL for the purposes of completing the move since both parties felt that the scope of the unknown damage to plaintiff CORRINET's goods made the assumption of the move unlikely with another moving company.. The move was carried out over the last four days of September through October 2, 2000.

12. It became apparent at the completion of the move, or soon after, that a large amount of Plaintiff CORRINET's personal goods, including two very large carved wood statues had been badly damaged sometime between the initial move and the completion of the second move through the negligence of one or more of the named defendants.

13. Plaintiff JOHN L. CORRINET was for the purposes and times applicable to the initial contract, residing in the City of Oakland, County of Alameda, State of California.

14. Plaintiff JOHN L. CORRINET was for the purposes and times applicable to the events ending with the initial contract and ending with the actual move out of state, residing in the City of Pacifica, County of Solano, State of California.

15. Plaintiff JOHN L. CORRINET was for the purposes and times applicable to the termination of the out-of-state move and where he current lives, residing in the City of Waldport, County of Lincoln, State of Oregon.

16. Plaintiff is informed and believe, and thereon allege, that defendant TOBIN is, and at all times herein mentioned was, an individual residing in the city of Antioch, County of Contra

Costa, State of California.

17. Plaintiff is informed and believes, and thereon allege, that defendant TOBIN was, and at all times herein mentioned was, an agent and employee of defendant CAL.

18. Plaintiff is informed and believe, and thereon allege that defendant HAMBLIN is, and at all times herein mentioned was, an individual residing in the city of Fremont, County of Alameda, State of California.

19. Plaintiff is informed and believe, and thereon allege that defendant BROOKSHIRE is, and at all times herein mentioned was, an individual residing in the city of Walnut Creek, County of Contra Costa, State of California.

20. Plaintiff is informed and believe, and thereon allege, that defendant CAL is, a California corporation located in the City of Hayward, County of Alameda, State of California.

21. Plaintiff is informed and believes, and thereon allege that defendant CAL is, and at all times herein mentioned was, a subservient business entity to Wheaton Van Lines, Inc.

22. Plaintiff is informed and believe, and thereon allege, that defendant MAGIC is, a fictitious business name and operated as a individual owner business by defendant BROOKSHIRE, located in the City of Walnut Creek, County of Contra Costa, State of California.

23. Plaintiff is informed and believe, and thereon allege, that defendant WHEATON is, a for profit corporation, with corporate offices in the city of Indianapolis, County of Marion, State of Indiana.

24. Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, DOES 1 through 200, were the agents, employees, executives and/or representatives of the above mentioned defendant companies.

25. Plaintiff are informed and believe, and upon said basis allege that at all times herein mentioned each of the defendants was an agent, servant, employee and/or joint venturer of each of the remaining defendants, and was at all times acting within the course and scope of such agency, service, employment and/or joint venture. At all relevant times herein, defendants, and each of them, knew of the business habits and characteristics of each other.

26. The true names and capacities, whether individual, corporate, associate or otherwise of the defendant DOES 1 through 200 are unknown to plaintiff whom therefore sue said defendants by such fictitious names pursuant to Code of Civil Procedure Section 474. Plaintiff further allege that each of said fictitious defendants is in some manner responsible for the acts and occurrences hereinafter set forth. Plaintiff will amend this Complaint to show the true names and capacities of these DOE defendants when same are ascertained, as well as the manner in which each fictitious defendant is responsible.

27. Jurisdiction and venue are proper in this court pursuant to Code of Civil Procedure Section 395 on the basis that the representations and contracts under which form the claims of this complaint occurred in the City of Oakland, County of Alameda, state of California.

### III. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### Embezzlement
#### (Against Defendant TOBIN)

AS AND FOR A FIRST CAUSE OF ACTION, plaintiff allege as follows:

28. Plaintiff hereby reallege and incorporate by reference, each and every allegation contained hereinabove in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. On or about November 5, 1999 defendant TOBIN received a check #485 drawn on the Great Western Bank account of plaintiff CORRINET in the amount of $1,000.00 (one thousand dollars) to the name of "Wheaton Van Lines" for the purpose of a deposit for the long distance move portion of the moving contract.

30. Defendant TOBIN did endorse the check #485 and convert the funds to his own use.

31. WHEREFORE, plaintiff pray for judgement against defendants, and each of them, as hereinafter set forth.

#### SECOND CAUSE OF ACTION
#### Fraudulent Misrepresentation
#### (Against all Defendants)

AS AND FOR A SECOND CAUSE OF ACTION, plaintiff allege as follows:

32. Plaintiff hereby reallege and incorporate by reference, each and every allegation contained hereinabove in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. When plaintiff CORRINET signed the contracts with defendant MAGIC he was doing so under the belief and understanding that defendant MAGIC was a business subsidiary of defendant CAL and through defendant CAL to defendant WHEATON.

/////
/////

34. Plaintiff CORRINET would not have signed said contracts had he been made aware that defendant MAGIC was a small intra-state mover with few assets and no permanent warehousing faculties.

35. Defendant TOBIN deliberately mislead plaintiff CORRINET as to the true status of the various moving companies so as to entice plaintiff CORRINET into signing the contracts for his own personal financial gain and the gain of defendant CAL and defendant WHEATON.

36. Defendant BROOKSHIRE deliberately mislead plaintiff CORRINET as to the true status of his moving company vis-a-vie both defendant CAL and defendant WHEATON for his own personal financial gain and the financial gain of defendant MAGIC.

37. Defendant HAMBLIN, defendant CAL and defendant Wheaton did aid, abet, and encourage defendant TOBIN with his fraudulent misrepresentations to entice defendant Brookshire and defendant MAGIC to provide them leads to out-of-state moves in exchange for the contract of plaintiff CORRINET and similar intra-state moving contracts.

38. Defendant Does 1-50 did aid, abet, and encourage defendant TOBIN with his fraudulent misrepresentations to entice defendant Brookshire and defendant MAGIC to provide them leads to out-of-state moves in exchange for the contract of plaintiff CORRINET and similar intra-state moving contracts.

39. Because of plaintiff CORRINET's reliance on the statement of both defendant BROOKSHIRE and defendant TOBIN he allowed his personal property to be removed from his residence and stored

under unsuitable conditions.

40. Plaintiff CORRINET's goods were moved to at least three separate locations during the period of November 1999 and October 2000 which resulted in extensive damage to a number of plaintiff's personal items.

41. Plaintiff CORRINET also lost additional time and effort in trying to locate his goods and ascertaining their true condition.

42. Both defendant TOBIN and defendant BROOKSHIRE knew that plaintiff CORRINET only wanted his personal property moved and stored by a national company. They had been made aware of this fact and choose not to inform plaintiff of defendant MAGIC true status.

43. WHEREFORE, plaintiff pray for judgement against defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
### Civil Conspiracy
### (Against defendants BROOKSHIRE & TOBIN)

AS AND FOR A THIRD CAUSE OF ACTION, plaintiff allege as follows:

44. Plaintiff hereby reallege and incorporate by reference, each and every allegation contained hereinabove in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. Defendant TOBIN and defendant BROOKSHIRE did enter into a agreement under which TOBIN received financial renumeration for his transfer of the plaintiff CORRINET's moving contract to defendant MAGIC from defendant CAL.

46. Defendant TOBIN and defendant BROOKSHIRE did enter into a agreement under which TOBIN received financial renumeration for

his transfer of the plaintiff CORRINET's storage contract to defendant MAGIC from defendant CAL.

47.  Neither defendant TOBIN or BROOKSHIRE disclosed any of their financial arrangements with Plaintiff CORRINET.

48.  Said financial renumerations were the motivation for the fraudulent and misleading statements made by both defendant TOBIN and defendant BROOKSHIRE and caused plaintiff CORRINET substantial loss in damaged property (both real and personal).

49.  WHEREFORE, plaintiff pray for judgement against defendants, and each of them, as hereinafter set forth.

FOURTH CAUSE OF ACTION
Negligence
(Against all Defendants)

AS AND FOR A FOURTH CAUSE OF ACTION against defendants, plaintiff hereby allege as follows:

50.  Plaintiff hereby reallege and incorporate by this reference each and every allegation contained hereinabove in paragraphs 1 through 49, inclusive, as though fully set forth in herein.

51.  Each of the defendants, either directly or through their subordinates, had an express duty to exercise reasonable due care to provide damage to plaintiff CORRINET's personal goods.

52.  Plaintiff CORRINET, acting under the misleading and fraudulent statements made to him, allowed his personal goods to be removed from his house in the care of individuals and companies that were unable to exercise such reasonable care.

53.  Plaintiff CORRINET's personal goods were moved at least four times after they were removed from his Oakland home in November of 1999 to his move in October 2000 to Oregon due to

CIVIL COMPLAINT - PAGE 11 OF 15

defendant MAGIC's inability to maintain a stable warehouse facility. Had the goods been at defendant CAL's warehouse the goods would have only been moved once in the same time period.

54. Because the goods were moved so much, and without adequate protection, the personal goods sustained a heavy loss in damaged and destroyed property.

55. WHEREFORE, plaintiff pray for judgement against defendants, and each of them, as hereinafter set forth.

### FIFTH CAUSE OF ACTION
Violation of RICO (18 USCA Sec. 1961)
(Against all Defendants)

AS AND FOR A FIFTH CAUSE OF ACTION against defendants, plaintiff hereby allege as follows:

56. Plaintiff hereby reallege and incorporate by this reference each and every allegation contained hereinabove in paragraphs 1 through 55, inclusive, as though fully set forth in herein.

57. Defendants HAMBLIN, CAL, WHEATON and TOBIN are directly engaged in a out-of-state moving business affecting interstate commerce.

58. Defendants HAMBLIN, CAL, WHEATON and TOBIN have conspired to mislead customers seeking moving services as to the true status of the intra-state portion of their move.

59. Defendants HAMBLIN, CAL, WHEATON and TOBIN have conspired to mislead customers seeking moving services as to the true status of the storage of their personal goods.

60. Defendants HAMBLIN, CAL, WHEATON and TOBIN have conspired to mislead customers seeking moving services as to the true status of the company that they are employing, the professionalism

and quality of the labor employed to perform the move, and the care with which their goods will be handled.

61. Defendants HAMBLIN, CAL, WHEATON and TOBIN have made these fraudulent misrepresentations in a pattern of racketeering activity involving the exchange of intra-state moving contracts for leads to "long-haul" or inter-state moving contracts.

62. Defendants HAMBLIN, CAL, WHEATON and TOBIN did financial gain in each of these exchange transactions and in the case of Defendants HAMBLIN, CAL and WHEATON did invest the funds in the operation of their inter-state moving companies.

63. Defendant TOBIN has made statements indicating that customers, other than plaintiff CORRINET, were also mislead for the purposes of exchanging moving contracts during the last ten (10) years.

64. Plaintiff CORRINET was substantially injured by this violation in the destruction of his personal property and in the lost of his time and money.

65. WHEREFORE, plaintiff pray for judgement against defendants, and each of them, as hereinafter set forth.

### SIXTH CAUSE OF ACTION
Respondeat Superior
(Against Defendants MAGIC, HAMBLIN, CAL & WHEATON)

AS AND FOR A SIXTH CAUSE OF ACTION against defendants, plaintiff alleges as follows:

66. Plaintiff hereby reallege and incorporate by this reference each and every allegation contained hereinabove in paragraphs 1 through 65, inclusive, as though fully set forth in herein.

67. At all times involved defendant TOBIN was an employee of defendant CAL and was operating within the guidelines and scope of his employment with the exception of the embezzlement of the deposit check as stated above.

68. At all times involved defendant BROOKSHIRE was an employee/owner of defendant MAGIC and was performing within the guidelines and scope of his employment.

69. At all times involved defendant HAMBLIN was an employee of defendant CAL and was performing within the guidelines and scope of his employment.

70. As a result of the actions of defendant TOBIN, BROOKSHIRE and HAMBLIN plaintiff CORRINET suffered extensive financial loss.

WHEREFORE, plaintiff prays for judgement against defendants, and each of them, as hereinafter set forth.

## IV. PRAYER

WHEREFORE, plaintiff pray for judgement against defendants, and each of them, as follows:

1. For general damages in an amount according to proof at trial; and beyond the jurisdictional minimum of this Court.

2. For all related expenses according to proof at trial;

3. For losses in damages to his personal property an amount according to proof at trial.

4. For costs of the suit herein incurred;

5. For applicable statutory interest as provided by law; and

6. For punitive damages in the amount of $5,000,000 (five million dollars);

7. For triple damages as allowed under RICO;

8. For attorney's fees;

9. For such other and further relief as the Court may deem just and proper.

DATED: 08/02/01

BY: *[signature]*